**NIGHT BOX FILED**

FEB 1 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DIVISION

Case No: 0-06165 CIV-ZLOCH

MAGISTRATE JUDGE SELTZER

UNITED STATES OF AMERICA

Plaintiff

vs.

LEA BUTKETAIT
A/K/A LEA MODENOS

Defendant
_____/

## COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $5019.58, plus interest on this principal amount computed at the rate of 7.00 percent per annum in the amount of $609.27, plus interest thereafter on this principal from January 20, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $5628.85, plus interest at 7.00 percent per annum on the principal amount of $5019.58, from January 20, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this 31 day of January, 2000.

Respectfully submitted,

Thomas E. Scott
United States Attorney

By: _____
Mary F. Dooley
99 Ne 4th Street
3rd Floor
Miami, FL 33132-2111
Tel No. 3059619311
Fax No. 3055307195

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Lea Butketait
AKA Lea Modenos
22300 Martella Ave.
Boca Raton, FL. 33433-4623

SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 10/26/98.

On or about 12/06/79, 12/19/80 and 01/12/82, the borrower executed promissory note(s) to secure loan(s) of $2,500.00, $2,500.00 and $2,500.00 from Long Island Trust Co., Garden City, New York at 7.00 percent interest per annum. This loan obligation was guaranteed by New York State Higher Education Services Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $2,095.92 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 09/24/86, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $5,404.08 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/13/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $4,562.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $5,019.58 |
| Interest: | $175.40 |
| Administrative/Collection Costs: | $0.00 |
| Late fees: | $0.00 |
| Total debt as of 10/26/98: | $5,194.98 |

Interest accrues on the principal shown here at the rate of $0.96 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 11/04/98    Name: _____
Title: LOAN ANALYST
Branch: LITIGATION BRANCH


GOVERNMENT EXHIBIT A

**NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION**

NYSHESC Acct. No. 421616

LOAN(S) GUARANTEED BY NYSHESC
INTERIM PROMISSORY NOTE AND DISCLOSURE (IN SCHOOL)   006 448 206 8

Lending Institution: Long Island Trust Co.

Address: 1415 Kellum Place, Garden City, N.Y. 11530

Effective Date of this Note: December 6, 1979

| | |
|---|---|
| A. Principal Amount of Loan | $ 2,500.00 |
| B. Prepaid FINANCE CHARGE (Insurance premium) | $ 54.15 |
| C. Amount Financed (principal amount of loan less insurance premium) | $ 2,445.85 |
| D. ANNUAL PERCENTAGE RATE (a) Prior to beginning of repayment period | .51 % |
| (b) During repayment period | 7 % |

The prepaid finance charge is computed from the first day of the month following the disbursement of the loan to the last day of the ninth month after the anticipated graduation or completion date.

I promise to pay to the lending institution at one of its offices the principal sum of (line A) Two Thousand Five Hundred and 00/100 dollars ($ 2,500.00) plus interest on such amount at the ANNUAL PERCENTAGE RATE shown above (line D).

**I. Interest:**
I agree to pay the interest at the ANNUAL PERCENTAGE RATE (line D) with the understanding that you will not attempt to collect from me any portion of the interest payable on my behalf by either the United States or the New York State Higher Education Services Corporation (hereinafter called "NYSHESC"). I will receive interest benefits if I meet the requirements of State and Federal law and regulations in effect at the time my loan is approved. I will pay to NYSHESC quarterly, interest due on loans which are not eligible for full interest benefits payable on my behalf by either the United States or NYSHESC. Interest will be charged at 7% per year during the repayment period or after the loan has been purchased by NYSHESC as a defaulted loan.

**II. Late Charges and Default Charges:**
In addition to interest, I agree to pay late charges of five (5) percent of the amount of any required payment or $5.00, whichever is less, for failure to make any payment within ten (10) days after its due date. I agree to pay, in the event of default, reasonable attorney fees of up to 20% plus costs and other charges necessary to collect any amount not paid when due.

**III. Beginning of Repayment Period (Maturity):**
I will begin to repay this loan on the date any one of these events occurs:
(1) the end of the ninth month following the month in which I cease to be matriculated, withdraw from, or become less than a half-time student at an approved school (6 semester hours in an accredited degree institution, 12 clock hours per week in a vocational institution or 18 hours per week at a school of beauty culture (I must begin payment at this time even if I have a leave of absence) (nine month grace period) (See Section IV-1) (2) at the option of the lending institution (or the holder if the loan is transferred) or NYSHESC if I fail to verify my status as a student when requested. (3) if I do not enroll for the term and in the educational institution for which the application was approved, even though I intend to continue my education at a later date, (4) at the option of the lending institution (or the holder if the loan is transferred) or NYSHESC if I fail to make required interest payments.

**IV. Further Agreements:**
1) No later than four months after I cease being matriculated or at least a half-time student I will contact the lending institution to sign a Repayment Promissory Note. I will also sign a Repayment Promissory Note if the loan matures for any other reason. The Repayment Promissory Note will show the amounts of the payments and the number of payments I must make to pay off the loan(s). I understand that I must pay at least $360 per year unless the lending institution and I agree to smaller payments. If my husband or wife also has a guaranteed student loan, the total of both our payments shall be at least $360 per year. Repayment shall be made over a period of not more than ten years. I have at least five years to repay this loan except if the loan would be paid in less than five years by making the minimum annual payments as required by Federal Law or if I request a shorter repayment period. If I have requested and received a repayment schedule of less than five years, I may contact the lending institution to have the schedule changed so that the loan will be paid in five years or more. I may also request a repayment schedule that begins before the end of the nine month grace period. All loans outstanding must be included in a request for early repayment, and interest benefits will no longer be paid as of the beginning of the repayment period established by my request. The loan must be paid within fifteen years from the date of disbursement of my first loan unless I receive a deferment on my loan. (see Section IV-2)

2) After the repayment period has begun, installments of principal need not be paid during any of the following periods (i) while I am a full-time matriculated student attending an approved school or I am studying under a graduate fellowship program approved by the U.S. Commissioner of Education (ii) for up to three years while I am in the Armed Forces of the United States (iii) for up to three years while I am a volunteer under the Peace Corps Act or a full time volunteer under Title I of the Domestic Volunteer Service Act of 1973, or (iv) for a single period of up to twelve months during which I am seeking and unable to find full-time employment. In order to receive any of these deferments or any other deferral of loan payments I must contact the lending institution (or the holder if the loan is transferred) to arrange such a deferment and to sign the appropriate agreements.

3) If I fail to make any payment when due under this Note or if I fail to comply with any of the terms and conditions of this Note, or should I make any assignment for the benefit of creditors, or if any bankruptcy proceedings be commenced by or against me, then the holder of the note or NYSHESC may, at its option, accelerate the maturity of all payments due hereunder, in which event the entire unpaid balance of this note plus interest and either late charges or default charges (Section II) shall become immediately due and payable. In the event that bankruptcy proceedings are commenced by or against me, I specifically agree to notify NYSHESC of such occurrence in writing within twenty (20) days of the filing of a petition.

4) If I die or become permanently and totally disabled (as determined in accordance with regulations) NYSHESC or the United States will pay off the remaining balance of my loan.

5) I agree to honor a request for the consolidation of all loans guaranteed by NYSHESC.

6) I authorize the lending institution to make any check for the loan made under this note payable jointly to me and the school indicated on my application.

7) The delay on the lender's part (or the holder if the loan is transferred) or NYSHESC to enforce any condition(s) of this note shall not release the borrower from these condition(s) nor prevent the lender (or the holder if the loan is transferred) or NYSHESC from enforcing any or all of these conditions in the future.

8) I understand that I must repay this loan even though I may be under eighteen (18) years of age.

9) I understand that this note includes a prepaid finance charge (insurance premium) in the amount indicated above for the anticipated term of the note. The insurance is a fee paid to NYSHESC and is used for the expenses of the loan program. It is not a premium for life insurance. The insurance premium will be prorated and refunded if at least one hundred dollars of the loan is repaid within 120 days of disbursement.

10) If I go into default on this loan I agree to be sued in Albany County, New York.

11) I may pay any unpaid balance on this loan in whole or in part at any time without penalty.

I acknowledge receipt, prior to the signing of this note of a copy of this note containing the disclosure statement. I have read, acknowledged receipt of and understand the Statement of Responsibilities appearing on the reverse side of the borrower's copy of this note which, together with this note, constitutes my entire agreement with the lending institution (or the holder if the loan is transferred) and/or NYSHESC.

Signature of Borrower: _Lee Modenos_    Date: 12-6-79

Typed or Printed Name of Borrower: Lee Modenos

Permanent Address of Borrower: 21 Ward Street, Westbury, N.Y. 11590

BEST COPY AVAILABLE AT TIME OF FILMING

**New York State Higher Education Services Corporation**
Guaranteed Student Loan Program
**YOUR STATEMENT OF RESPONSIBILITIES**

A student loan is a serious obligation. Prior to undertaking such a commitment, you should discuss with your school financial aid officer all other student financial assistance available to you, particularly aid from grants such as the Basic Educational Opportunity Grant, Supplemental Education Opportunity Grant, Tuition Assistance Program awards, Regents Scholarships, and other programs available from your school.

If you decide you need a loan, it is very important that you, the borrower, understand your rights and honor the following responsibilities in order to build your credit reputation and give other students a chance for future loans from funds repaid.

1. I have read and understand all of the agreements on the front of this note.
2. I understand that I must report to the lending institution (or the holder if the loan is transferred) or to NYSHESC any of the following in writing, without exception:
    a. If I fail to enroll, leave school for any reason or cease to be matriculated.
    b. If I, as a degree student take less than six hours of credit per semester or if I, as a vocational student take less than 12 clock hours of instruction per week or 15 clock hours of instruction per week at a school of beauty culture;
    c. If I do not attend the school I have designated on my application or if I transfer to another school.
    d. If my name should change (for example, because of marriage);
    e. If I change my address.

ANY INTEREST THAT MAY ACCRUE DUE TO MY FAILURE TO REPORT ANY OF THE ABOVE IS SOLELY MY RESPONSIBILITY AND MUST BE PAID PRIOR TO INITIATING A REPAYMENT OR DEFERMENT AGREEMENT.

3. I understand that my guaranteed loan funds must be used only for the educational costs listed on my application which have been approved by my school counselor and that I may be prosecuted under the provisions of the United States criminal code if I use these funds for any other purpose.
4. I understand that if I fail to repay my loan as agreed under NYSHESC's regulations, I face possible late charges and default charges (Section II of the note) as well as possible legal action and a bad credit rating.
5. I understand that my lender or the holder and/or NYSHESC may contact my school at any time and obtain information concerning my scholastic status, my transfer to another school, my current address or any other information relating to my guaranteed student loan.
6. I understand that the school contract I execute is strictly between me and my school and in no way involves NYSHESC or my lender.
7. I agree to observe and comply with all changes in the rules, regulations and procedures as promulgated from time to time under the guaranteed student loan program.

**Additional Information on How Payments Are to be Made**

1. If you do not qualify for full Federal or State interest benefits while you are in school or in your grace period you must pay this interest directly to NYSHESC. NYSHESC will send you a bill every three months for the interest that is due. If you fail to make these interest payments, your entire loan may go into default.
2. After you leave school you must agree to a repayment schedule with your lender. This must be done before the end of the nine month grace period (See Section IV-1). I only have one complete nine month grace period on this loan. The following table should give an idea of what the monthly payments will be and how long you will have to make payments on your loan.

| Amount of Credit | Minimum Monthly Payment | Total Of Payments | Finance Charge (Annual Percentage Rate 7%) | Maximum No. of Mo. (Yrs.) |
|---|---|---|---|---|
| $ 1,000 | $ 30.88 | $ 1,111.68 | $ 111.68 | 36( 3) |
| $ 2,000 | $ 39.60 | $ 2,376.00 | $ 376.00 | 60( 5) |
| $ 3,000 | $ 45.28 | $ 2,803.52 | $ 803.52 | 84( 7) |
| $ 4,000 | $ 50.03 | $ 5,403.24 | $1,403.24 | 108( 9) |
| $ 5,000 | $ 69.66 | $ 8,359.20 | $2,359.20 | 120(10) |
| $ 7,000 | $ 81.28 | $ 9,753.60 | $2,753.60 | 120(10) |
| $ 9,000 | $104.50 | $12,540.00 | $3,540.00 | 120(10) |
| $10,000 | $116.11 | $13,933.20 | $3,933.20 | 120(10) |
| $15,000 | $174.16 | $20,899.20 | $5,899.20 | 120(10) |

3. If you agree to a repayment schedule and you later find that you are unable to make the payments because of extenuating circumstances, you should contact your lender immediately. It may be possible to change your repayment agreement so that it will be easier to make payments. If you are unemployed it may be possible to stop making payments for up to a year. The important thing to do is to talk to your lender and describe your situation. If your loan is purchased by NYSHESC as a defaulted loan, you will lose your rights for deferments of your loan and any rights to have interest paid for you by NYSHESC or the Federal Government during certain deferment periods.
4. No part of this loan can be forgiven because of teaching or military service.
5. If you receive a deferment of your loan for any of the reasons listed in item IV-2 on the front of this note you may also be eligible to have the interest paid on your loan during that time. In most cases if NYSHESC or the Federal Government paid the interest on your loan while you were in school, the same amount will be paid if you receive a deferment. NOTE: Members of the U.S. Public Health Service do not qualify for a deferment.

All right, title and interest of the undersigned is hereby assigned to the Student Loan Marketing Association (SLMA) without recourse except as provided in paragraph 9 of the Loan Sale Agreement between SLMA and Long Island Trust Company, N.A.

dated May 2, 1983

LONG ISLAND TRUST COMPANY N.A.

_[signature]_

**ENDORSEMENT**

Pay to NYSHESC Without Recourse and Without Warranty

For: _____
From: _____
(Type – Name of Borrower)   (Application No.)
_____
(Name of Lender)
By: _____
(Authorized Signature)   (Title)

BEST COPY AVAILABLE AT TIME OF FILMING

NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION

**LOAN(S) GUARANTEED BY NYSHESC**
**INTERM PROMISSORY NOTE AND DISCLOSURE (IN SCHOOL)**

NYSHESC Acct. No. 0421646-2

Lending Institution: Long Island Trust Co.

Address: 1415 Kellum Place, Garden City, New York 11530

Effective Date of this Note: 12-19-80

| | |
|---|---|
| A. Principal Amount of Loan | $ 2500.00 |
| B. Prepaid FINANCE CHARGE (Insurance premium) | $ 41.65 |
| C. Amount Financed (principal amount of loan less insurance premium) | $ 2458.35 |
| D. ANNUAL PERCENTAGE RATE (a) Prior to beginning of repayment period | .51 % |
| (b) During repayment period | 7 % |

The prepaid finance charge is computed from the first day of the month following the disbursement of the loan to the last day of the ninth month after the anticipated graduation or completion date.

I promise to pay to the lending institution at one of its offices the principal sum of (line A) Two Thousand Five Hundred dollars ($ 2500.00) plus interest on such amount at the ANNUAL PERCENTAGE RATE shown above (line D).

I. **Interest:**
I agree to pay the interest at the ANNUAL PERCENTAGE RATE (line D) with the understanding that you will not attempt to collect from me any portion of the interest payable on my behalf by either the United States or the New York State Higher Education Services Corporation (hereinafter called "NYSHESC"). I will receive interest benefits if I meet the requirements of State and Federal law and regulations in effect at the time my loan is approved. I will pay to NYSHESC quarterly, interest due on loans which are not eligible for full interest benefits payable on my behalf by either the United States or NYSHESC. Interest will be charged at 7% per year during the repayment period or after the loan has been purchased by NYSHESC as a defaulted loan.

II. **Late Charges and Default Charges:**
In addition to interest, I agree to pay late charges of five (5) percent of the amount of any required payment or $5.00, whichever is less, for failure to make any payment within ten (10) days after its due date. I agree to pay, in the event of default, reasonable attorney fees of up to 20%, plus costs and other charges necessary to collect any amount not paid when due.

III. **Beginning of Repayment Period (Maturity):**
I will begin to repay this loan on the date any one of these events occurs:
(1) the end of the ninth month following the month in which I cease to be matriculated, withdraw from, or become less than a half-time student at an approved school (6 semester hours in an accredited degree institution, 12 clock hours per week in a vocational institution or 16 hours per week at a school of beauty culture) (I must begin payment at this time even if I have a leave of absence) (nine month grace period) (See Section IV-1) (2) at the option of the lending institution (or the holder if the loan is transferred) or NYSHESC if I fail to verify my status as a student when requested; (3) if I do not enroll for the term and in the educational institution for which the application was approved, even though I intend to continue my education at a later date; (4) at the option of the lending institution (or the holder if the loan is transferred) or NYSHESC if I fail to make required interest payments.

IV. **Further Agreements:**
1) No later than four months after I cease being matriculated or at least a half-time student I will contact the lending institution to sign a Repayment Promissory Note. I will also sign a Repayment Promissory Note if the loan matures for any other reason. The Repayment Promissory Note will show the amounts of the payments and the number of payments I must make to pay off the loan(s). I understand that I must pay at least $360 per year unless the lending institution and I agree to smaller payments. If my husband or wife also has a guaranteed student loan, the total of both our payments shall be at least $360 per year. Repayment shall be made over a period of not more than ten years. I have at least five years to repay this loan except if the loan would be paid in less than five years by making the minimum annual payments as required by Federal Law or if I request a shorter repayment period. If I have requested and received a repayment schedule of less than five years, I may contact the lending institution to have the schedule changed so that the loan will be paid in five years or more. I may also request a repayment schedule that begins before the end of the nine month grace period. All loans outstanding must be included in a request for early repayment and interest benefits will no longer be paid as of the beginning of the repayment period established by my request. The loan must be paid within fifteen years from the date of disbursement of my first loan unless I receive a deferment on my loan. (see Section IV-2)

2) After the repayment period has begun, installments of principal need not be paid during any of the following periods: (i) while I am a full-time matriculated student attending an approved school or I am studying under a fellowship program approved by the U.S. Commissioner of Education (ii) for up to three years while I am in the Armed Forces of the United States (iii) for up to three years while I am a volunteer under the Peace Corps Act or a full time volunteer under Title I of the Domestic Volunteer Service Act of 1973 or (iv) for a single period of up to twelve months during which I am seeking and unable to find full-time employment. In order to receive any of these deferments or any other deferral of loan payments I must contact the lending institution (or the holder if the loan is transferred) to arrange such a deferment and to sign the appropriate agreements.

3) If I fail to make any payment when due under this Note or if I fail to comply with any of the terms and conditions of this Note, or should I make any assignment for the benefit of creditors, or if any bankruptcy proceedings be commenced by or against me, then the holder of the note or NYSHESC may, at its option, accelerate the maturity of all payments due hereunder, in which event the entire unpaid balance of this note plus interest and other late charges or default charges (Section II) shall become immediately due and payable. In the event that bankruptcy proceedings are commenced by or against me, I specifically agree to notify NYSHESC of such occurrence in writing within twenty (20) days of the filing of a petition.

4) If I die or become permanently and totally disabled (as determined in accordance with regulations) NYSHESC or the United States will pay off the remaining balance of my loan.

5) I agree to honor a request for the consolidation of all loans guaranteed by NYSHESC.

6) I authorize the lending institution to make any check for the loan made under this note payable jointly to me and the school indicated on my application.

7) The delay on the lender's part (or the holder if the loan is transferred) or NYSHESC to enforce any condition(s) of this note shall not release the borrower from these condition(s) nor prevent the lender (or the holder if the loan is transferred) or NYSHESC from enforcing any or all of these conditions in the future.

8) I understand that I must repay this loan even though I may be under eighteen (18) years of age.

9) I understand that this note includes a prepaid finance charge (insurance premium) in the amount indicated above for the estimated term of the note. The insurance is a fee paid to NYSHESC and is used for the expenses of the loan program. It is not a premium for life insurance. This insurance premium will be prorated and refunded if at least one hundred dollars of the loan is repaid within 120 days of disbursement with notice to NYSHESC.

10) If I go into default on this loan I agree to be sued in Albany County, New York.

11) I may pay any unpaid balance on this loan in whole or in part at any time without penalty.

I acknowledge receipt, prior to the signing of this note, of a copy of this note containing the disclosure statement. I have read, acknowledge receipt of and understand the Statement of Responsibilities appearing on the reverse side of the borrower's copy of this note which, together with this note, constitutes my entire agreement with the lending institution (or the holder if the loan is transferred) and/or NYSHESC.

Signature of Borrower: _Ioa Modenos_     Date: 12/19/80

Typed or Printed Name of Borrower: Ioa Modenos

Permanent Address of Borrower: 21 Ward Street, Westbury, New York 11590

BEST COPY AVAILABLE AT TIME OF FILMING

## New York State Higher Education Services Corporation
### Guaranteed Student Loan Program
### YOUR STATEMENT OF RESPONSIBILITIES

A student loan is a serious obligation. Prior to undertaking such a commitment, you should discuss with your school financial aid officer all other student financial assistance available to you, particularly aid from grants such as the Basic Educational Opportunity Grant, Supplemental Education Opportunity Grant, Tuition Assistance Program awards, Regents Scholarships, and other programs available from your school.

If you decide you need a loan, it is very important that you, the borrower, understand your rights and honor the following responsibilities in order to build your credit reputation and give other students a chance for future loans from funds repaid.

1. I have read and understood all of the agreements on the front of this note.
2. I understand that I must report to the lending institution (or the holder if the loan is transferred) or to NYSHESC any of the following in writing, without exception:
   a. If I fail to enroll, leave school for any reason or cease to be matriculated;
   b. If I, as a degree student take less than six hours of credit per semester or if I, as a vocational student take less than 12 clock hours of instruction per week or 15 clock hours of instruction per week at a school of beauty culture;
   c. If I do not attend the school I have designated on my application or if I transfer to another school;
   d. If my name should change (for example, because of marriage);
   e. If I change my address.

ANY INTEREST THAT MAY ACCRUE DUE TO MY FAILURE TO REPORT ANY OF THE ABOVE IS SOLELY MY RESPONSIBILITY AND MUST BE PAID PRIOR TO INITIATING A REPAYMENT OR DEFERMENT AGREEMENT.

3. I understand that my guaranteed loan funds must be used only for the educational costs listed on my application which have been approved by my school counselor and that I may be prosecuted under the provisions of the United States criminal code if I use these funds for any other purpose.
4. I understand that if I fail to repay my loan as agreed under NYSHESC's regulations, I face possibly late charges and default charges (Section 8 of the note) as well as possible legal action and a bad credit rating.
5. I understand that my lender or the holder and/or NYSHESC may contact my school at any time and obtain information concerning my scholastic status, my transfer to another school, my current address or any other information relating to my guaranteed student loan.
6. I understand that the school contract I execute is strictly between me and my school and in no way involves NYSHESC or my lender.
7. I agree to observe and comply with all changes in the rules, regulations and procedures as promulgated from time to time under the guaranteed student loan program.

### Additional Information on How Payments Are to be Made

1. If you do not qualify for full Federal or State interest benefits while you are in school or in your grace period you must pay this interest directly to NYSHESC. NYSHESC will send you a bill every three months for the interest that is due. If you fail to make these interest payments, your entire loan may go into default.
2. After you leave school you must agree to a repayment schedule with your lender. This must be done before the end of the nine month grace period (See Section IV-1). I only have one complete nine month grace period on this loan. The following table should give an idea of what the monthly payments will be and how long you will have to make payments on your loan.

| Amount of Credit | Minimum Monthly Payment | Total of Payments | Finance Charge (Annual Percentage Rate 7%) | Maximum No. of Mo. (Yrs.) |
|---|---|---|---|---|
| $ 1,000 | $ 30.88 | $ 1,111.68 | $ 111.68 | 36( 3) |
| $ 2,000 | $ 39.60 | $ 2,376.00 | $ 376.00 | 60( 5) |
| $ 3,000 | $ 45.28 | $ 3,803.52 | $ 803.52 | 84( 7) |
| $ 4,000 | $ 50.03 | $ 5,403.24 | $1,403.24 | 108( 9) |
| $ 6,000 | $ 69.68 | $ 8,359.20 | $2,359.20 | 120(10) |
| $ 7,000 | $ 81.28 | $ 9,753.60 | $2,753.60 | 120(10) |
| $ 9,000 | $104.50 | $12,540.00 | $3,540.00 | 120(10) |
| $10,000 | $116.11 | $13,933.20 | $3,933.20 | 120(10) |
| $15,000 | $174.16 | $20,899.20 | $5,899.20 | 120(10) |

3. If you agree to a repayment schedule and you later find that you are unable to make the payments because of extenuating circumstances, you should contact your lender immediately. It may be possible to change your repayment agreement so that it will be easier to make payments. If you are unemployed it may be possible to stop making payments for up to a year. The important thing to do is to talk to your lender and describe your situation. If your loan is purchased by NYSHESC as a defaulted loan, you will lose your rights for deferments of your loan and any rights to have interest paid for you by NYSHESC or the Federal Government during certain deferment periods.
4. No part of this loan can be forgiven because of teaching or military service.
5. If you receive a deferment of your loan for any of the reasons listed in item IV-2 on the front of this note you may also be eligible to have the interest paid on your loan during that time. In most cases if NYSHESC or the Federal Government paid the interest on your loan while you were in school, the same amount will be paid if you receive a deferment. NOTE: Members of the U.S. Public Health Service do not qualify for a deferment.

All right, title and interest of the undersigned is hereby assigned to the Student Loan Marketing Association (SLMA) without recourse except as provided in paragraph 9 of the Loan Sale Agreement between SLMA and Long Island Trust Company N.A.

### ENDORSEMENT

Pay to NYSHESC Without Recourse and Without Warranty.

dated May 2, 1983
LONG ISLAND TRUST COMPANY N.A.

For: _____
(Type – Name of Borrower)   (Application No.)

From: _____
(Name of Lender)

By: _____
(Authorized Signature)   (Title)

BEST COPY AVAILABLE AT TIME OF FILMING

0421616-2
NYSHESC Acct. No.

NEW YORK STATE HIGHER EDUCATION SER    336 01 01 4561
LOAN(S) GUARANTEED BY NYSHESC
INTERIM PROMISSORY NOTE AND DISCLOSURE (IN SCHOOL)

**Long Island Trust Company**
Lending Institution

006-440-206-8

**1415 Kellum Place, Garden City, New York**
Address

**January 12, 1982**
Effective Date of this Note

A. Principal Amount of Loan .............................................. $ 2,500.00
B. Prepaid FINANCE CHARGE (Insurance premium) .......... $ 24.00
C. Amount Financed (principal amount of loan less insurance premium) ... $ 2,476.00
D. ANNUAL PERCENTAGE RATE (a) Prior to beginning of repayment period ... .51 %
   (b) During repayment period ... 7 %

The prepaid finance charge is computed from the first day of the month following the disbursement of the loan to the last day of the ninth month after the anticipated graduation or completion date.

I promise to pay to the lending institution at one of its offices the principal sum of (line A) **Two thousand five hundred dollars and no cents**
dollars ($ 2500.00) plus interest on such amount at the ANNUAL PERCENTAGE RATE shown above (line D).

**I. Interest:**

I agree to pay the interest at the ANNUAL PERCENTAGE RATE (line D) with the understanding that you will not attempt to collect from me any portion of the interest payable on my behalf by either the United States or the New York State Higher Education Services Corporation (hereinafter called "NYSHESC"). I will receive interest benefits if I meet the requirements of State and Federal law and regulations in effect at the time my loan is approved. I will pay to NYSHESC quarterly, interest due on loans which are not eligible for full interest benefits payable on my behalf by either the United States or NYSHESC. Interest will be charged at 7% per year during the repayment period or after the loan has been purchased by NYSHESC as a defaulted loan.

**II. Late Charges and Default Charges:**

In addition to interest, I agree to pay late charges of five (5) percent of the amount of any required payment or $5.00, whichever is less, for failure to make any payment within ten (10) days after its due date. I agree to pay, in the event of default, reasonable attorney fees of up to 20% plus costs and other charges necessary to collect any amount not paid when due.

**III. Beginning of Repayment Period (Maturity):**

I will begin to repay this loan on the date any one of these events occurs:
(1) the end of the ninth month following the month in which I cease to be matriculated, withdraw from, or become less than a half-time student at an approved school (6 semester hours in an accredited degree institution), 12 clock hours per week in a vocational institution or 16 hours per week at a school of beauty culture (I must begin payment at this time even if I have a leave of absence) (nine month grace period) (See Section IV-1) (2) at the option of the lending institution (or the holder if the loan is transferred) or NYSHESC if I fail to verify my status as a student when requested; (3) if I do not enroll for the term and in the educational institution for which the application was approved, even though I intend to continue my education at a later date; (4) at the option of the lending institution (or the holder if the loan is transferred) or NYSHESC if I fail to make required interest payments.

**IV. Further Agreements:**

1) No later than four months after I cease being matriculated or at least a half-time student I will contact the lending institution to sign a Repayment Promissory Note. I will also sign a Repayment Promissory Note if the loan matures for any other reason. The Repayment Promissory Note will show the amounts of the payments and the number of payments I must make to pay off the loan(s). I understand that I must pay at least $360 per year unless the lending institution and I agree to smaller payments. If my husband or wife also has a guaranteed student loan, the total of both our payments shall be at least $360 per year. Repayment shall be made over a period of not more than ten years. I have at least five years to repay this loan except if the loan would be paid in less than five years by making the minimum annual payments as required by Federal Law or if I request a shorter repayment period. If I have requested and received a repayment schedule of less than five years, I may contact the lending institution to have the schedule changed so that the loan will be paid in five years or more. I may also request a repayment schedule that begins before the end of the nine month grace period. All loans outstanding must be included in a request for early repayment, and interest benefits will no longer be paid as of the beginning of the repayment period established by my request. The loan must be paid within fifteen years from the date of disbursement of my first loan unless I receive a deferment on my loan (see Section IV-2)

2) After the repayment period has begun, installments of principal need not be paid during any of the following periods (i) while I am a full-time matriculated student attending an approved school or I am studying under a graduate fellowship program approved by the U.S. Commissioner of Education (ii) for up to three years while I am in the Armed Forces of the United States (iii) for up to three years while I am a volunteer under the Peace Corps Act or a full time volunteer under Title I of the Domestic Volunteer Service Act of 1973, or (iv) for a single period of up to twelve months during which I am seeking and unable to find full-time employment. In order to receive any of these deferments or any other deferral of loan payments I must contact the lending institution (or the holder if the loan is transferred) to arrange such a deferment and to sign the appropriate agreements.

3) If I fail to make any payment when due under this Note or if I fail to comply with any of the terms and conditions of this Note, or should I make any assignment for the benefit of creditors, or if any bankruptcy proceedings be commenced by or against me, then the holder of the note or NYSHESC may, at its option, accelerate the maturity of all payments due hereunder in which event the entire unpaid balance of this note plus interest and other late charges or default charges (Section II) shall become immediately due and payable. In the event that bankruptcy proceedings are commenced by or against me, I specifically agree to notify NYSHESC of such occurrence in writing within twenty (20) days of the filing of a petition.

4) If I die or become permanently and totally disabled (as determined in accordance with regulations) NYSHESC or the United States will pay off the remaining balance of my loan.

5) I agree to honor a request for the consolidation of all loans guaranteed by NYSHESC

6) I authorize the lending institution to make any check for the loan made under this note payable jointly to me and the school indicated on my application.

7) The delay on the lender's part (or the holder if the loan is transferred) or NYSHESC to enforce any condition(s) of this note shall not release the borrower from these condition(s) nor prevent the lender (or the holder if the loan is transferred) or NYSHESC from enforcing any or all of these conditions in the future.

8) I understand that I must repay this loan even though I may be under eighteen (18) years of age.

9) I understand that this note includes a prepaid finance charge (insurance premium) in the amount indicated above (on the disclosure part of the note. The insurance is a fee paid to NYSHESC and is used for the expenses of the loan program. If I repay a premium for life insurance. The insurance premium will be prorated and refunded if at least one hundred dollars of the loan is repaid within 120 days of disbursement.

10) If I go into default on this loan I agree to be sued in Albany County, New York

11) I may pay any unpaid balance on this loan in whole or in part at any time without penalty.

I acknowledge receipt, prior to the signing of this note, of a copy of this note containing the disclosure statement. I have read, acknowledge receipt of and understand the Statement of Responsibilities appearing on the reverse side of the borrower's copy of this note which, together with this note constitutes my entire agreement with the lending institution (or the holder if the loan is transferred) and/or NYSHESC.

Signature of Borrower X _Lia Nederos_____ Dated _1-12-82_

Typed or Printed Name of Borrower _Lia Nederos_____

Permanent Address of Borrower _1996 Satinwood Dr_____
_Coral Springs, Florida 33065_

BEST COPY AVAILABLE AT TIME OF FILMING

**New York State Higher Education Services Corporation**
**Guaranteed Student Loan Program**
## YOUR STATEMENT OF RESPONSIBILITIES

A student loan is a serious obligation. Prior to undertaking such a commitment, you should discuss with your school financial aid officer all other student financial assistance available to you, particularly aid from grants such as the Basic Educational Opportunity Grant, Supplemental Education Opportunity Grant, Tuition Assistance Program awards, Regents Scholarships, and other programs available from your school.

If you decide you need a loan, it is very important that you, the borrower, understand your rights and honor the following responsibilities in order to build your credit reputation and give other students a chance for future loans from funds repaid.

1. I have read and understand all of the agreements on the front of this note
2. I understand that I must report to the lending institution (or the holder if the loan is transferred) or to NYSHESC any of the following in writing, without exception:
   a. If I fail to enroll, leave school for any reason or cease to be matriculated;
   b. If I, as a degree student take less than six hours of credit per semester or if I, as a vocational student take less than 12 clock hours of instruction per week or 15 clock hours of instruction per week at a school of beauty culture;
   c. If I do not attend the school I have designated on my application or if I transfer to another school.
   d. If my name should change (for example, because of marriage).
   e. If I change my address

ANY INTEREST THAT MAY ACCRUE DUE TO MY FAILURE TO REPORT ANY OF THE ABOVE IS SOLELY MY RESPONSIBILITY AND MUST BE PAID PRIOR TO INITIATING A REPAYMENT OR DEFERMENT AGREEMENT

3. I understand that my guaranteed loan funds must be used only for the educational costs listed on my application which have been approved by my school counselor and that I may be prosecuted under the provisions of the United States criminal code if I use these funds for any other purpose
4. I understand that if I fail to repay my loan as agreed under NYSHESC's regulations, I face possible late charges and default charges (Section II of the note) as well as possible legal action and a bad credit rating.
5. I understand that my lender or the holder and/or NYSHESC may contact my school at any time and obtain information concerning my scholastic status, my transfer to another school, my current address or any other information relating to my guaranteed student loan.
6. I understand that the school contract I execute is strictly between me and my school and in no way involves NYSHESC or my lender
7. I agree to observe and comply with all changes in the rules, regulations and procedures as promulgated from time to time under the guaranteed student loan program

### Additional Information on How Payments Are to be Made

1. If you do not qualify for full Federal or State interest benefits while you are in school or in your grace period you must pay this interest directly to NYSHESC NYSHESC will send you a bill every three months for the interest that is due If you fail to make these interest payments, your entire loan may go into default
2. After you leave school you must agree to a repayment schedule with your lender This must be done before the end of the nine month grace period (See Section IV-1). I only have one complete nine month grace period on this loan. The following table should give an idea of what the monthly payments will be and how long you will have to make payments on your loan.

| Amount of Credit | Minimum Monthly Payment | Total Of Payments | Finance Charge (Annual Percentage Rate 7%) | Maximum No. of Mo (Yrs) |
|---|---|---|---|---|
| $ 1,000 | $ 30.88 | $ 1,111.68 | $ 111.68 | 36( 3) |
| $ 2,000 | $ 39.60 | $ 2,376.00 | $ 376.00 | 60( 5) |
| $ 3,000 | $ 46.28 | $ 3,803.52 | $ 803.52 | 84( 7) |
| $ 4,000 | $ 50.03 | $ 5,403.24 | $1,403.24 | 108( 9) |
| $ 6,000 | $ 69.66 | $ 8,359.20 | $2,359.20 | 120(10) |
| $ 7,000 | $ 81.28 | $ 9,753.60 | $2,753.60 | 120(10) |
| $ 9,000 | $104.50 | $12,540.00 | $3,540.00 | 120(10) |
| $10,000 | $116.11 | $13,933.20 | $3,933.20 | 120(10) |
| $15,000 | $174.16 | $20,899.20 | $5,899.20 | 120(10) |

3. If you agree to a repayment schedule and you later find that you are unable to make the payments because of extenuating circumstances, you should contact your lender immediately It may be possible to change your repayment agreement so that it will be easier to make payments. If you are unemployed it may be possible to stop making payments for up to a year. The important thing to do is to talk to your lender and describe your situation If your loan is purchased by NYSHESC as a defaulted loan, you will lose your rights for deferments of your loan and any rights to have interest paid for you by NYSHESC or the Federal Government during certain deferment periods.
4. No part of this loan can be forgiven because of teaching or military service
5. If you receive a deferment of your loan for any of the reasons listed in item IV-2 on the front of this note you may also be eligible to have the interest paid on your loan during that time In most cases if NYSHESC or the Federal Government paid the interest on your loan while you were in school, the same amount will be paid if you receive a deferment NOTE Members

All rights title and interest hereunder qualify for a deferment
is hereby assigned to the Student Loan Marketing
Association (SLMA) without recourse except as
provided in paragraph 9 of the Loan Sale Agreement
between SLMA and Long Island Trust Company N.A.

**ENDORSEMENT**
Pay to NYSHESC Without Recourse and Without Warranty

BEST COPY AVAILABLE
AT TIME OF FILMING

For: _____
      (Type – Name of Borrower)   (Application No)

dated   May 2, 1983           From: _____
LONG ISLAND TRUST COMPANY N.A.              (Name of Lender)

_[signature]_                  By: _____
                                    (Authorized Signature)   (Title)

# CIVIL COVER SHEET

06165
CIV-ZLOCH
MAGISTRATE JUDGE SELTZER

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES of AMERICA

**DEFENDANTS**
LEA BUTKETAIT A/K/A LEA MODENOS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

B. Broward / 0:00cv6165/zloch/seltzer

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. SCOTT, U.S. ATTORNEY (305)961-9377
99 NE 4TH ST., SUITE 300, MIAMI, FL 33132-2111

ATTORNEYS (IF KNOWN)

NIGHT BOX FILED
FEB -1 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business in This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business in Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B[ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med Malpractice | B[ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | B[ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | B[ ] 630 Liquor Laws | A PROPERTY RIGHTS | B[ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | PERSONAL PROPERTY | B[ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [X] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | B[ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| A[X] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | B[ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| B[ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | B[ ] 690 Other | | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | A LABOR | B SOCIAL SECURITY | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA 1395ff | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt Relations | [ ] 862 Black Lung (922) | [ ] 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | B[ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| B[X] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | B[ ] 530 General | | FEDERAL TAX SUITS | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | A[ ] 535 Death Penalty | | A[ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | B[ ] 540 Mandamus & Other | | A[ ] 871 IRS - Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions A OR B |
| [ ] 290 All Other Real Property | | B[ ] 550 Civil Rights | | | |
| | | B[ ] 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN, 34CFR 682.100(4)(d)

LENGTH OF TRIAL
via _1_ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,628.85 + interest & costs
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 1/31/00
SIGNATURE OF ATTORNEY OF RECORD [signature]
MARY F. DOOLEY, AUSA

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____